UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH SMITH,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 2:13-cv-2235 MCE CKD PS<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

   This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). On December 16, 2013, defendant filed a motion to dismiss. The motion was noticed to be heard on January 22, 2014.

   On January 13, 2014, because plaintiff had not filed either an opposition or a statement of non-opposition to the motions, the undersigned continued the hearing on the motion to February 26, 2014 and directed plaintiff to file an opposition to the motion, or a statement of non-opposition thereto, no later than February 5, 2014. Plaintiff was advised that failure to file an opposition would be deemed a statement of non-opposition to the pending motion and would result in a recommendation that this action be dismissed.

   Although the deadlines have now passed, the court docket reflects that plaintiff has not filed an opposition to the motion or a statement of non-opposition to the motion. The Federal

1

1  Rules of Civil Procedure provide for dismissal of actions based on lack of prosecution. Fed. R.
2  Civ. P. 41(b). Pro se litigants are bound by the rules of procedure, even though pleadings are
3  liberally construed in their favor. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). In
4  determining whether to dismiss for lack of prosecution, generally the court considers (1) the
5  public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket,
6  (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on
7  their merits, and (5) the availability of less drastic sanctions. See, e.g., Al-Torki v. Kaempen, 78
8  F.3d 1381, 1384 (9th Cir. 1996). The court may dismiss a case sua sponte for lack of prosecution
9  by the plaintiff. Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428 (9th Cir.
10 1990). Sua sponte dismissal requires a "close focus" on consideration of "less drastic
11 alternatives" and whether or not there has been a "warning of imminent dismissal of the case."
12 Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992).

   In determining that this action should be dismissed, the court has considered all the factors
set forth in Al-Torki. The first two factors on their face favor the imposition of sanctions in this
case brought by plaintiff and which has been proceeding forward since plaintiff initiated this
action on June 17, 2013.[1] See Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990).
Regarding the third factor, defendant already has briefed the motion to dismiss, and would be
prejudiced by the need for further litigation of this matter despite plaintiff's non-responsiveness.
Moreover, delay itself generally is prejudicial – witness memories fade and evidence becomes
stale or undiscoverable. While the fourth factor favors resolution on the merits, in this case
plaintiff has declined to oppose the motion to dismiss and thus has precluded the court's
evaluation of the potential merits of such an opposition.[2]

---

[1] The original complaint was filed in state court. The action was removed to this court on October 25, 2013.

[2] Defendant moves to dismiss for lack of subject matter jurisdiction on several bases. It appears defendant's motion is well taken. However, plaintiff's state court complaint is not a model of clarity. In the absence of any opposition to the pending motion, which might clarify plaintiff's claims, the court cannot properly evaluate defendant's claim of mootness. With respect to defendant's contention that the court lacks subject matter jurisdiction over certain claims because
/////

2

1   Focusing on the fifth <u>Al-Torki</u> factor and warning regarding imminent dismissal, as
2 required by <u>Oliva</u>, the court in its order of January 13, 2014 advised plaintiff that this action is
3 subject to dismissal, directed plaintiff to file opposition, and granted ample additional time to
4 oppose the pending motion after plaintiff failed to timely oppose defendant's motion to dismiss,
5 all to no avail.  In light of plaintiff's failures, the court concludes there is no suitable alternative
6 less drastic sanction to dismissal.  The undersigned will therefore recommend that this action be
7 dismissed for failure to prosecute the action and for failure to comply with court orders and Local
8 Rules.  <u>See</u> Fed. R. Civ. P. 41(b); L.R. 110.

9   Accordingly, IT IS HEREBY ORDERED that the hearing date of February 26, 2014 on
10 defendant's motion to dismiss is vacated; and

11   IT IS HEREBY RECOMMENDED that:

12   1. This action be dismissed with prejudice; and

13   2. The Clerk of Court be directed to close this case.

14   These findings and recommendations are submitted to the United States District Judge
15 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
16 after being served with these findings and recommendations, any party may file written
17 objections with the court and serve a copy on all parties.  Such a document should be captioned
18 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
19 within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.</u>
20 <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

21 Dated: February 7, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

26  4 smith-usa2235.57

---

plaintiff has not exhausted his administrative remedies, the declarations submitted by defendant
support this contention.

3